PEASE, Executor &c., vs. WALKER, Administrator &c.

*Distribution of estate—Right of administrator of minor child, deceased without issue and intestate.*

P. died leaving by his will a legacy to his daughter I., and directing the equal distribution of the remainder of the estate, on final settlement, among his three children, E., D. and I. D. died in Iowa, intestate and without issue. I. married W., and died intestate and without issue, and W. was appointed administrator of her estate, and on settlement of P.'s estate petitioned for payment to him of

I.'s legacy and distributive share. The petition did not show that there were any debts of I. to be settled. E. claimed the whole estate of P. as sole surviving heir and party in interest. *Held,*

(1.)   That W. was entitled, as administrator of I., to the amount claimed by him ; but whether, after administering her estate, he would be entitled, as husband, to the residue, if any, is not decided.

(2.)   That E. was entitled to only one third of the personal estate remaining after payment of the legacy to I.

(3.)   That the remaining one-third must go the administrator of D., and it cannot be assumed that there were no debts against D.'s estate.

APPEAL from the Circuit Court for *Fond du Lac* County.

In July, 1860, Eliphalet L. Pease deceased, leaving him surviving his widow, Charlotte M., and three children of a former wife, to wit: *Ezra B.*, Delos H. and Imogene T. Pease, the last three being respectively twenty-two, seventeen and fourteen years of age. Delos H. died at Keokuk, Iowa, in June, 1864, without issue. Imogene T., in July, 1864, intermarried with one *Jason Walker*, and in April, 1865, deceased in said county of Fond du Lac, without issue. The widow, Charlotte M., had received, prior to May 1st, 1865, from A. B. Pease, executor of the last will of said Eliphalet L., full satisfaction of all her interest in the estate ; and all debts of the estate had been paid except a small amount of unadjusted expenses of administration. On that day said *Ezra B. Pease* petitioned the county court that after payment of any remaining expenses of administration, the whole of said estate might be adjudged and assigned to him, as the sole heir and party in interest. *Jason Walker* thereupon filed an affidavit that he had been duly appointed administrator of the estate of the said Imogene, and had entered upon the office; and claimed the property belonging to her at the time of her decease, coming to her by the last will of Eliphalet L. Pease, and then in the hands of the executor. It appeared at the hearing, that by the will of said testator, $300 of the estate was to be used for the education of said Imogene, without reference to her equal share of the property otherwise, and that only $137 had ever been used for such purpose. The county court held that *Ezra B. Pease* was en-

titled to the whole of the funds in the hands of the executor, to wit, the sum of $759.07; and ordered payment to be made to him accordingly. The circuit court, on appeal, reversed this order, and directed the executor to pay to said *Walker*, as administrator, $163 of the moneys in his hands, and $298.02 additional, being one half of the remainder of said moneys; and a like sum of $298.02 to *Ezra B. Pease*; and that judgment be entered in the county court in accordance with this decision. From this order the executor appealed.

*Gillet & Conklin*, for appellant, argued, 1. That *Jason Walker* did not, as survivor of his wife, take her estate *jure mariti*. 2. That he was not entitled as administrator of his wife's estate to hold the residue that might remain after payment of the debts of that estate. 3. That he was not entitled to claim the estate as administrator, upon the distribution of the estate of his wife's ancestor. The respondent's application does not show that there are any debts of the estate of Imogene Walker to be paid. The object of administration is to get the estate into court for distribution. If the respondent is allowed to administer, the court orders the money out of court simply to be returned again by another party, subjecting the estate to double administration.

*Blair & Coleman*, for respondent.

COLE, J. The respondent *Walker*, as administrator of the estate of his deceased wife, is entitled to the possession of the personal estate of the wife at the time of her decease. After the settlement of the estate of Imogene, if any residue remains for distribution, the question will fairly arise, to whom it belongs. That question, however, is not now fairly presented for our consideration, and since the counsel for the respondent declines to argue it, it is manifestly improper to express any opinion in advance upon it. We can only say now that we suppose the respondent is entitled to the possession of the unpaid portion of the legacy given his wife by the will of her

father, and also to one third part of the remainder of the estate of E. L. Pease, ready for distribution. The appellant would, of course, take one third of such remainder. And the other third must go to the administrator of the estate of Delos H. Pease. The circuit court made distribution of the share coming to Delos. We think this part of the order erroneous. We cannot assume that there are no debts against the estate of Delos, and consequently his share ought not to be distributed before his estate is settled by due course of administration.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for an order of distribution in conformity with this opinion.